effectually extending the time of payment of the original debt, or suspend the right to immediate action. In the words of the court:

"He (the creditors) may take, as collateral to the old note, new security, or other notes, and, if time is not given to the debtor, the indorser or surety will not be discharged. To prevent such a result, the agreement must expressly reserve all the remedies of the creditor against the indorser or surety; in which case the latter will be in a position to pay immediately and then to proceed against the principal debtor."

In my opinion this was precisely the situation presented in the principal case, under the evidence. There was no valid, enforceable agreement to extend the time for the payment of the original note, for the so-called renewal notes were not accepted as payment and afforded no consideration for an agreement to give time. The plaintiff expressly refused to surrender the original note, and accepted the new notes only as collateral security for the payment of the old. In my opinion the defense of payment was not made out.

[3] As to the other defenses resting upon the sale or surrender of the security given for the note, it is plain that they are not complete, but only partial defenses by way of set-off. The stock was sold and the chattel mortgage satisfied long after the note became due. All that defendant is entitled to is a credit for the amount realized, or which might have been realized upon this security. The plaintiff proved what he received for the stock and expressed his willingness that the proportionate amount of this sum might be charged against him. It was open to defendant to show, if he could, that the stock was worth more than was realized upon it; but this he made no attempt to do. So as to the chattel mortgage. The defendant, for all that appears in the case, was entitled to have the value of the chattels applied to the payment of the note; but, as he was asserting an affirmative defense, it was for him to show what the value was. There is no presumption, where a chattel mortgage is given as part security for an indebtedness, that the value of the chattels equals the amount of the debt.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

(155 App. Div. 211.)

### RIEHL v. HIMMELWRIGHT et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

Appeal from Trial Term, New York County.

Action by Charles G. Riehl against Abraham L. A. Himmelwright and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Frederick Stewart, of New York City, for appellant.
B. F. Norris, of New York City, for respondents.

PER CURIAM. Judgment reversed, and new trial granted, with costs to appellant to abide the event, for the reason given in Riehl v. Austin, 140 N. Y. Supp. 217, decided herewith.